**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 31 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAMILA SUAREZ RODRIGUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.  20-70945

Agency No. A212-379-045

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 20, 2022
Pasadena, California

Before:  LEE and BRESS, Circuit Judges, and FITZWATER,[**] District Judge.

Damila de la Caridad Suarez Rodriguez (Suarez), a citizen of Cuba, seeks

review of a Board of Immigration Appeals (BIA) decision dismissing her appeal of

an Immigration Judge (IJ) order denying her requests for asylum, withholding of

removal, and relief under the Convention Against Torture (CAT).  We review the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

agency's legal conclusions and IJ's alleged due process violations de novo. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021); *Castillo-Perez v. INS*, 212 F.3d 518, 523 (9th Cir. 2000). We review factual findings for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Garcia*, 988 F.3d at 1142. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      Substantial evidence supports the denial of asylum and withholding of removal. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "To be eligible for withholding of removal, the petitioner must discharge this burden by a clear probability." *Id*. (quotation omitted).

Substantial evidence supports the agency's determination that Suarez did not show she had been persecuted in Cuba because of her political opinion. "Persecution is an extreme concept that means something considerably more than discrimination or harassment." *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009) (quotation omitted). Suarez points to derogatory comments and other difficulties she encountered as a child at school, which were allegedly based on her politically active grandmother who disappeared when Suarez was only several months old. But Suarez was able to complete her schooling despite the negative situation at school.

And although Suarez, her mother, and her sister were later harassed by the police, they were never "arrested, called in for questioning by the police, or physically harmed." "We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm." *Sharma*, 9 F.4th at 1061. Given the lack of physical harm and lack of information that Suarez put forward about her grandmother, the record does not compel a finding of past persecution.

Substantial evidence also supports the BIA's conclusion that there was no nexus between the loss of Suarez's job and a protected ground. The BIA could conclude that there is insufficient evidence that Suarez was terminated based on her political opinion, as opposed to her refusal to accept a work assignment in Venezuela. *See Ochave v. INS*, 254 F.3d 859, 866 (9th Cir. 2001) (holding that substantial evidence supported the agency's finding of no nexus when "affirmative evidence" supported an alternative explanation).

Because Suarez has not shown past persecution, she is not entitled to a presumption of future persecution. *Wakkary v. Holder*, 558 F.3d 1049, 1063 n.10 (9th Cir. 2009). Besides her past experiences, the only other evidence Suarez points to regarding future persecution consists of certain country reports which observe that some failed asylum seekers face difficulties when reentering Cuba after having been away for more than two years. Suarez points out that, although she had been away

3

from Cuba for less than two years at the time of the agency decision, that is no longer true. However, the reports also indicate that as a general matter, the Cuban government does "very little if anything" to individuals who were "good citizens before they left," and Suarez does not provide other evidence supporting her fear of future persecution.[1] Suarez therefore has not demonstrated that the record compels the conclusion that she would face future persecution if she were returned to Cuba.[2]

2. Suarez also claims that the IJ violated her due process rights by failing to explain the elements of Suarez's claims to her and inadequately developing the record by not asking enough follow-up questions when Suarez was testifying. To establish a due process violation in removal proceedings, Suarez must show both that the proceeding was "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case," and that she was prejudiced, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (quotation omitted). Suarez has failed to make this showing on either claim.

---

[1] To the extent Suarez claims a material change in circumstances since the agency's decision, that argument is properly addressed in a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

[2] Suarez does not challenge the agency's denial of CAT protection. Nor does she contest the BIA's conclusion that there is no pattern or practice in Cuba of uniformly persecuting political dissidents, or that she and her family are members of such a disfavored group. These arguments are therefore forfeited. *Zetino v. Holder*, 622 F.3d 1007, 1011 n.1 (9th Cir. 2010).

4

The IJ's explanation of the removal proceedings was sufficient, and in any case not prejudicial. The IJ explained the applicable procedures to Suarez, told her she could apply for asylum, withholding of removal, and CAT protection, and offered to provide her with the relevant forms and instructions. Contrary to Suarez's claims, *Agyeman v. INS*, 296 F.3d 871 (9th Cir. 2002) did not purport to impose a bright-line rule that any failure to articulate the precise elements of a claim constitutes a constitutional violation. *See id*. at 877, 884 (explaining that the IJ must "provid[e] appropriate guidance as to how the alien may prove his application for relief").

The IJ did not violate Suarez's due process rights when questioning her. Although Suarez contends that she would have testified about additional threats from police and government officials, the IJ asked questions that gave Suarez the opportunity to provide this information. Suarez also has not demonstrated that the result of her proceeding would have changed with the additional information about threats that she now proffers. "Mere threats, without more, do not necessarily compel a finding of past persecution." *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021). And as in *Villegas Sanchez*, Suarez has not alleged that the police ever "followed through on any of [their] threats," or that they "performed any acts of violence." *See id*. Thus, Suarez has not shown prejudice.

**PETITION DENIED.**